IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

William E. Stephenson, :

        Plaintiff                    :          Civil Action 2:09-cv-00036

  v.                                 :          Judge Frost

Terry J. Collins, Director Ohio       :          Magistrate Judge Abel
Department of Rehabilitation and
Correction, *et al.*,                   :

        Defendants               :

## INITIAL SCREENING
## REPORT AND RECOMMENDATION

Plaintiff William E. Stephenson, formerly an inmate in the custody of the Ohio Department of Rehabilitation and Correction, brings this civil rights action under 42 U.S.C. §1983. The complaint alleges that while he was a prisoner, plaintiff was coerced into receiving a Radio Frequency Identification Device ("RFID.") without his knowledge or consent. This matter is before the Magistrate Judge for a Report and Recommendation on initial screening of the complaint pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to identify cognizable claims, and to dismiss the complaint,

---

[1]The full text of §1915A reads:

    (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) Grounds for Dismissal.--On review the court shall

or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted and therefore **RECOMMENDS** dismissal of the complaint.

The complaint alleges plaintiff William E. Stephenson's civil rights were violated when he was coerced into receiving a RFID while incarcerated in the custody of the Ohio Department of Rehabilitation and Correction. The complaint does not so allege when Stephenson was incarcerated. It does not allege who coerced him into receiving the RFI D.

Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus*, 127 S.Ct. 2197 (June 4, 2007):

. . . Rule 8(a)(2) requires only "a short and plaint statement of the claim

---

        identify cognizable claims or dismiss the complaint, or any
        portion of the complaint, if the complaint--

            (1) is frivolous, malicious, or fails to state a
        claim upon which relief may be granted; or

            (2) seeks monetary relief from a defendant who
        is immune from such relief.

            (c) Definition.--As used in this section, the term
        "prisoner" means any person incarcerated or detained in any
        facility who is accused of, convicted of, sentence for, or
        adjudicated delinquent for, violations of criminal law or
        terms and conditions of parole, probation, pretrial release, or
        diversionary program.

showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, __, 127 S.Ct. 1955, __ (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957).

Moreover, *pro se* complaints must be liberally construed. *Erickson v. Pardus*, above; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.*Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when, for example, a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke v. Williams*, 490 U.S. 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Lawler*, 898 F.2d at 1199. The complaint may not be dismissed as factually frivolous simply because the court finds the plaintiff's claims unlikely or improbable. *Denton*, 504 U.S. at 33. Here the complaint is legally frivolous.

Accordingly, it is hereby **RECOMMENDED** that the complaint be **DISMISSED** for failure to state a claim under 42 U.S.C. §1983.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order. Defendants are not required to answer the complaint unless later ordered to do so by the Court.

The Clerk of Court is DIRECTED to mail a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, OH 43215.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge