IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM E. STEPHENSON, | : | |
| Plaintiff | : | Civil Action 2:09-cv-36 |
| v. | : | Judge Frost |
| DIRECTOR TERRY J. COLLINS, | : | Magistrate Judge Abel |
| Defendant | : | |

**ORDER**

This matter is before the Court pursuant to the January 21, 2009 Report and Recommendation of the Magistrate Judge that the Complaint (Doc. 2) be dismissed for failure to state a claim pursuant to Fed. R. Civ. Pro. 8(a)(2).

Plaintiff brought this action *in forma pauperis* for violation of his civil rights pursuant to 42 U.S.C. §1983. He alleged that, while he was a prisoner, he was coerced into receiving a radio frequency identification device ("RFID"), without his knowledge or consent. Upon initial screening pursuant to 28 U.S.C. §1915A(a) and (b), and 42 U.S.C. §1997e(c), the Magistrate Judge found that the complaint did not state who implanted such device into Plaintiff's body, or when Plaintiff was incarcerated in an Ohio prison, and thereby failed to give Defendant notice of what the claim was against him and upon what grounds it rested. In addition, the Magistrate Judge found that the complaint should be dismissed as legally frivolous.

1

Plaintiff filed objections to the report and recommendation on January 26, 2009 (Doc. 6). In this, he elaborated that, on an occasion when he received an injection to treat a cold, he was instead implanted with the RFID device. However, he again failed to state who performed this alleged action upon him, or during what period of incarceration it took place.[1]

After reviewing the Report and Recommendation *de novo* pursuant to Fed. R. Civ. Pro. 72(b)(3), I hereby **ADOPT** the Report and Recommendation (Doc. 4) that this matter be **DISMISSED**. The Clerk of Court is hereby **ORDERED** to enter judgment for Defendant and close this case.

s/Gregory L. Frost
United States District Judge

---

[1] Plaintiff states that "a procedure in which the Defendant performed in the medical aid department did violate the Plaintiff rights". However, the only named defendant is Terry J. Collins, Director of the Ohio Department of Rehabilitation and Corrections, who presumably did not perform the alleged medical procedure personally.